UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE WALTON CONDOMINIUM,
                              Plaintiff,

                    -v-

LANDMARK AMERICAN
INSURANCE COMPANY,
                              Defendant.

25-CV-9454 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff The Walton Condominium ("Walton") brings this action against Defendant

Landmark American Insurance Company ("Landmark"), asserting claims arising from

Landmark's refusal to indemnify Walton for damage to one of Walton's properties pursuant to

an insurance policy between the two parties.  Before the Court is Landmark's motion to dismiss

in part.  For the reasons that follow, the motion is granted in part and denied in part.

I.      Background

The following facts are taken from Walton's complaint (the "Complaint") and presumed

true for purposes of resolving the present motion.  *Fink v. Time Warner Cable*, 714 F.3d 739,

740-41 (2d Cir. 2013).

Walton is a condominium that owns and maintains real property at 264 Water Street,

New York, New York 10038 (the "Property").  (ECF No. 1-1 ("Compl.") ¶¶ 1-2.)  Landmark is

an insurance company organized under Georgia law with its principal place of business in

Georgia.  (*Id.* ¶¶ 3-4.)  Landmark issued to Walton a commercial property insurance policy

bearing policy number LHD926985 (the "Policy"), which provided coverage for, among other

things, direct physical loss or damage caused by water discharge.  (*Id.* ¶ 9.)

1

On or about September 26, 2023, while the Policy was in effect, a sudden water discharge occurred at the Property after domestic plumbing lines became dislodged.  (*Id.* ¶ 11.)  The water discharge and resulting damage caused substantial loss in excess of $7,000,000.  (*Id.* ¶ 12.)  Walton filed a claim with Landmark.  (*Id.* ¶ 13.)  Landmark issued a written denial of coverage (the "Denial"), concluding that the water damage was caused by frozen pipes that had burst because they were not properly drained prior to the heat being turned off.  (*Id.* ¶ 19.)  However, Walton had provided Landmark with detailed documentation confirming that the water system was professionally and thoroughly drained on or about November 2022, prior to the shutdown of heat in the Property.  (*Id.* ¶¶ 21-22.)

Walton commenced this action in New York County Supreme Court on September 19, 2025.  (*See* ECF No. 1 ¶ 2.)  In its Complaint, Walton asserts two causes of action, one for breach of contract and one for declaratory judgment.  (Compl. ¶¶ 29-40.)  In its breach of contract claim, Walton seeks consequential damages believed to be in excess of $3,000,000, in addition to the $7,000,000 it alleges to have resulted from Landmark's breach of contract.  (*Id.* ¶¶ 32-34.)

Landmark removed the action to this Court on November 12, 2025.  (ECF No. 1.)  The Court issued an Order to Show Cause directing Landmark to demonstrate that, as required to establish diversity jurisdiction, each individual unit owner of Walton is diverse from Landmark.  (ECF No. 8.)  After jurisdictional discovery established the residency of Walton's individual unit owners (ECF No. 23), the Court discharged the Order to Show Cause (ECF No. 25).

Landmark filed the present motion on November 19, 2025 (ECF No. 9) alongside an accompanying memorandum of law (ECF No. 10 ("Mem.")).  Walton filed an opposition on

February 20, 2026.  (ECF No. 28 ("Opp.").)  Landmark filed a reply in further support of its motion on February 27, 2026.  (ECF No. 39 ("Reply").)

## II.      Legal Standard

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, "drawing all reasonable inferences in favor of the plaintiff."  *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Accordingly, courts need not credit speculative inferences or "bald assertions and conclusions of law."  *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (quotation marks omitted).

## III.     Discussion

Landmark seeks dismissal Walton's claims for breach of the implied covenant of good faith and fair dealing, bad faith, consequential damages, attorney's fees, and declaratory judgment.  (*See* Mem. at 8-13.)  Because the parties agree that New York law applies (*see* Mem. at 7; Compl. ¶ 26), and because Walton claims property damage for a New York property, the Court applies New York law.  *See Maryland Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 152-53 (2d Cir. 2003) ("The location of the insured risk will be given greater weight than any other single contact in determining the state of the applicable law provided that the risk can be located,

at least principally, in a single state." (quotation marks omitted)); *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 98 n.14 (2d Cir. 2012) (applying New York law to interpret insurance policy where both parties agree it applies).

### A.    Bad Faith and the Implied Covenant

Walton alleges that Landmark denied coverage in "bad faith," violated its duties of good faith and fair dealing, and, as a result, is liable to Walton for consequential damages. (Compl. ¶¶ 26, 28, 32.) Landmark's motion to dismiss seeks to dismiss, among other things, any claim for bad faith denial of insurance coverage and for breach of the implied covenant of good faith and fair dealing. (Mem. at 8-11.) In response, Walton states that it does not assert a standalone claim for breach of the implied covenant of good faith and fair dealing. (Opp. at 4.) Likewise, Walton does not argue that it asserts a claim for bad faith denial of coverage. (*See generally id.* at 8-10.) Indeed, the Complaint asserts only two causes of actions: one for breach of contract, which includes a request for consequential damages, and one for declaratory judgment. (*See generally* Compl.) Accordingly, the Court concludes that the Complaint does not assert claims for bad faith or breach of the implied covenant of good faith and fair dealing and denies the motion to dismiss such claims as moot.

### B.    Consequential Damages

Landmark also argues that Walton is not entitled to consequential damages because it fails to state a claim for breach of the implied covenant. (Mem. at 8.) However, Walton only seeks consequential damages under its breach of contract claim. (Compl. ¶¶ 32-34.) As a matter of New York contract law, a nonbreaching party can, "in limited circumstances" recover "consequential damages, which do not [] directly flow from the breach," alongside "general damages which are the natural and probable consequence of the breach." *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 192 (N.Y. 2008) (quotation marks omitted).

In its decision in *Bi-Economy Market v. Harleysville Insurance Co. of New York*, 10 N.Y.3d 187 (N.Y. 2008), the New York Court of Appeals "set forth the necessary elements for such a claim: that (1) such consequential damages were a natural and probable consequence of the breach of contract, (2) were or should have been foreseeable, and (3) were reasonably contemplated by the contracting parties at the time the Policy was issued." *Roman Cath. Diocese of Rockville Ctr. v. Gen. Reinsurance Corp.*, No. 16-CV-02063, 2016 WL 5793996, at *4 (S.D.N.Y. Sept. 23, 2016). "To determine whether consequential damages were reasonably contemplated by the parties, courts must look to the nature, purpose and particular circumstances of the contract known by the parties as well as what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made." *Bi-Econ.*, 10 N.Y.3d at 193 (cleaned up).

Walton alleges that, "[a]s a further consequence of Defendant's breach and bad faith denial of coverage, Plaintiff has suffered foreseeable consequential damages, including but not limited to costs associated with mitigating the damage, procuring alternative funding, delays in repairs, and related economic harm, believed to be in excess of three million dollars." (Compl. ¶ 32.) The Complaint goes on to allege that "[t]hese consequential damages were reasonably foreseeable at the time the parties entered into the Policy, as Defendant knew or should have known that its failure to timely and fully indemnify Plaintiff for a covered loss would result in additional damages, including but not limited to opportunity costs, diminished property value, delays in restoration, and loss of use of the Property." (*Id.* ¶ 33.) These allegations—that Walton suffered consequential damages, including from the cost of procuring alternative funding, mitigating the damage, loss of use of the Property, and opportunity costs while the restorations were delayed—are specific enough to survive motion to dismiss. *See Sikarevich*

*Fam. L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 173 (E.D.N.Y. 2014) (denying motion to dismiss claim for consequential damages where the plaintiff had alleged it suffered loss of business income as a result of the defendant's failure to pay its insurance claim).

Landmark's arguments for dismissal largely rely on cases in which the plaintiff sought consequential damages under an implied covenant claim that the court held to be duplicitous of a breach of contract claim. (*See, e.g.*, Mem. at 10 (quoting *Corretto LLC v. Erie Ins. Co.*, No. 24-CV-02674, 2025 WL 2676041, at *3 (S.D.N.Y. Sept. 18, 2025) (discussing claim for implied for breach of the implied covenant of good faith and fair dealing), and citing *A & M Warshaw Plumbing & Heating, Inc. v. Mount Vernon Fire Ins. Co.*, No. 24-CV-5430, 2025 WL 69972, at *3 (S.D.N.Y. Jan. 10, 2025) (same).) Because Walton seeks to recover consequential damages under its breach of contract claim, these cases are inapposite.

Landmark additionally argues that Walton's allegations of consequential damages are too conclusory and do not sufficiently plead foreseeability. (Reply at 7.) Although Walton could have been more precise in alleging its consequential damages, it nonetheless articulates specific harms that it suffered as a result of Landmark's denial of its claim, and it alleges that Landmark knew or had reason to know that its denial of coverage would result in these harms. "As courts in this Circuit have noted, 'consequential damages are recoverable if the defendant knows or has reason to know the special circumstances which will give rise to such damages.'" *E. Materials Corp. v. Mitsubishi Plastics Composites Am., Inc.*, 307 F. Supp. 3d 52, 61 (E.D.N.Y. 2018) (quoting *Universidad De Las Californias, S.C. v. Mayfair Advisors, Ltd.*, No. 06-CV-5859, 2007 WL 2591228, at *2 (S.D.N.Y. Sept. 7, 2007)). "There is no heightened pleading requirement for consequential damages," and Walton's allegations survive a Rule 12(b)(6) motion. *D.K. Prop., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 168 A.D.3d 505, 507 (1st Dep't 2019).

Additionally, "a determination of whether [consequential] damages were, in fact, foreseeable should not be decided on a motion to dismiss and must await a fully developed record." *Id.* at 507. Foreseeability is even less appropriate for resolution at this juncture because the insurance contract itself—which may bear on questions of foreseeability—is not in the record before the Court. Here, the Complaint "alleges that the Defendant was aware that in the event of a breach, it would be responsible for consequential damages, and that the Defendant's breach caused the Plaintiff[] to lose in excess of [$3,000,000]." *E. Materials Corp.*, 307 F. Supp. 3d at 61 (quotation marks omitted). That satisfies the relevant pleading standard, and "[w]hile the Plaintiff[] may ultimately be unable to prove [its] claim for consequential damages, the Court cannot conclude that the [Complaint] 'fails to allege any set of facts that would entitle [the Plaintiff] to relief.'" *Id.* (quoting *In re Sharp Intern. Corp.*, 403 F.3d 43, 49 (2d Cir. 2005)).

Following *Bi-Economy*, some federal courts have held that plaintiffs seeking consequential damages must also sufficiently allege that the defendant acted in bad faith. *See Roman Cath. Diocese of Rockville Ctr.*, 2016 WL 5793996, at *3 ("[T]he [New York] Court of Appeals has held that where bad faith is sufficiently alleged in a breach of contract claim, consequential damages flowing from the bad faith breach can be recovered." (quotation marks omitted)); *see also Sikarevich Fam. L.P.*, 30 F. Supp. 3d at 173 ("This Circuit has consistently held that consequential damages are permitted when they derive from an insurer's bad faith refusal to pay an insured's claim and such damages were reasonably contemplated by both parties at the time of the contract's execution." (cleaned up)). Other courts in this Circuit and in New York have not interpreted *Bi-Economy* to impose a requirement of bad faith to recover consequential damages on breach of contract claims. *See, e.g.*, *Scottsdale Ins. Co.*, 549 F. Supp. at 353 (discussing the disagreement between courts); *E. Materials Corp.*, 307 F. Supp. at 61

(denying motion to dismiss claim for consequential damages without discussing bad faith); *D.K. Prop., Inc.*, 168 A.D.3d at 506 (affirming denial of motion to dismiss consequential damages sought under the plaintiff's breach of contract claim without discussing bad faith); *see also Haas v. State Farm Fire & Cas. Co.*, No. 20-CV-3074, 2022 WL 16509786, at *9 (E.D.N.Y. Sept. 24, 2022) (discussing bad faith only in the context of the plaintiff's claim for breach of the implied covenant and resulting consequential damages).

The Court need not resolve this conflict at this juncture, because, to the extent a plaintiff must establish bad faith to recover consequential damages, Walton sufficiently pleads such bad faith at the motion to dismiss stage. The Complaint alleges that "Defendant's conclusion was reached without a reasonable or adequate investigation, and in disregard of the clear timeline of events and documentary evidence provided by Plaintiff." (Compl. ¶ 20.) The Complaint further alleges that "[t]here is no evidence that the damage was caused by frozen or burst pipes" and that "Defendant arbitrarily denied the claim." (*Id.* ¶¶ 23, 25.) Nothing in the record rebuts this allegation, and the Court therefore cannot conclude that Landmark "had an arguable basis for disclaiming coverage," such that the allegations of bad faith should be rejected. *Cf. Jian Liang v. Progressive Cas. Ins. Co.*, 172 A.D.3d 696, 699 (2nd Dep't 2019).

Accordingly, the Court denies Landmark's motion to dismiss Walton's request for consequential damages under its breach of contract claim.

### C.    Attorney's Fees

The Complaint also seeks to recover attorney's fees. (Compl. at 10.) Landmark seeks to dismiss any claim to fees, arguing that New York law does not permit an insured to recover for attorney's fees. (Mem. at 11-12.) Walton does not defend its request for attorney's fees in its opposition. (*See generally* Opp.) Walton has therefore abandoned its claim for fees. *See, e.g., Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC*, 680 F. Supp. 3d 322, 346 (S.D.N.Y.

8

2023) ("The failure to oppose a motion to dismiss a claim is deemed abandonment of the claim."); *Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020) (summary order) ("As a general matter, district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage."); *Harrington Glob. Opportunity Fund, Ltd. v. CIBC World Markets Corp.*, 585 F. Supp. 3d 405, 423 (S.D.N.Y. 2022) ("At the motion to dismiss stage, a plaintiff abandons a claim by failing to respond to defendant's arguments in support of dismissing that claim."). Accordingly, the Court grants Landmark's motion to dismiss as to Walton's claim for attorney's fees. *See Frio Energy Partners*, 680 F. Supp. 3d at 346 (dismissing abandoned claim).

### D.     Declaratory Judgment

Lastly, Landmark seeks to dismiss Walton's claim for declaratory judgment as duplicative of its claim for breach of contract. (Mem. at 12-13.) The Complaint states that Walton seeks a declaration that "[t]he Policy issued by Defendant to Plaintiff provides coverage for the subject loss," that "Defendant's denial of coverage was improper and without basis in law or fact," and that "Defendant is obligated to indemnify Plaintiff for the loss in accordance with the terms of the Policy." (Compl. ¶ 39.)

"The decision on whether to grant declaratory relief is subject to the court's discretion, which turns on the following considerations: '(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.'" *Optanix, Inc. v. Alorica Inc.*, No. 20-CV-09660, 2021 WL 2810060, at *3 (S.D.N.Y. July 6, 2021) (quoting *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005)). "Courts reject declaratory judgment claims when other claims in the suit will resolve the same issues, because, under such circumstances, a declaratory judgment will not serve any useful purpose." *Id.* (quotation marks

omitted).  "If a claim for declaratory judgment seeks distinct relief from a breach of contract claim, then notwithstanding some overlap between the two claims, it is not duplicative." *Pers. Watercraft Prod. SARL v. Robinson*, No. 16-CV-9771, 2017 WL 4329790, at \*11 (S.D.N.Y. Sept. 1, 2017) (Nathan, J.) (quotation marks omitted).  "However, if a claim for declaratory judgment seeks a declaration of the same rights as will be determined under an action for breach of contract, it must be dismissed as duplicative of the breach of contract claim." *Id.* (cleaned up).

The declaratory relief sought here is no different than the relief sought under Walton's breach of contract claim, as both claims concern whether Landmark is obligated to cover the loss to the Property resulting from the water damage that occurred in September 2023.  (*Compare* Compl. ¶¶ 30-32 *with id.* ¶ 39.)  In other words, Walton's "claim for declaratory judgment essentially replicates the issues that will be resolved by a determination on [its] breach of contract claim." *Optanix, Inc.*, 2021 WL 2810060, at \*4.  Accordingly, the claim is duplicative.

In its Opposition, Walton argues that its declaratory judgment claim is not duplicative because "it seeks the Court's determination with respect to certain of the parties' future, prospective rights under the [P]olicy, such as the right to an appraisal and the right to recoverable depreciation." (Opp. at 10.)  But Walton offers no citations to the Complaint in support of the proposition that it seeks any forward-looking relief, and the text of the Complaint does not support its assertion.  (*See* Compl. at 10 (seeking "a Declaratory Judgment setting forth that Defendant is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the Policy *as it pertains to the subject September 26, 2023 loss*, and must make payment for the subject loss to the full extent of the policy limits" (emphasis added).)  "It is 'axiomatic' that a plaintiff cannot amend [its] complaint through briefing in opposition to a motion to dismiss." *Quirk v. Katz*, No. 20-

10

CV-9910, 2022 WL 4226124, at *7 (S.D.N.Y. Sept. 13, 2022).[1]  Accordingly, absent any

indication in the Complaint that Walton seeks forward-looking declaratory relief, the Court

grants Landmark's motion to dismiss Walton's declaratory judgment claim.

## IV.    Conclusion

For the foregoing reasons, Landmark's motion to dismiss is GRANTED in part and

DENIED in part.  The motion is granted as to Walton's claim for declaratory judgment and claim

for attorney's fees.  The motion is denied in all other respects.

Landmark shall file an answer to the remaining claim within 14 days after the date of

entry of this opinion and order.

The Clerk of Court is directed to close the motion at Docket Number 9.

SO ORDERED.

Dated:  June 30, 2026
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] Even accepting Walton's arguments at face value, Walton would lack standing to bring a
declaratory judgment claim for prospective relief, as the Complaint offers no allegations that
Walton will suffer some future injury.  Instead, the only allegations in the Complaint concern
Walton's denial of coverage as to a past incident.  *See A.W. by E.W. v. New York Dep't of Educ.*,
519 F. Supp. 3d 128, 143 (E.D.N.Y. 2021) ("Plaintiff does not have standing to seek prospective
declaratory relief . . . because [its] allegations are limited to [Landmark's] past conduct.").

11