UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | |
|---|---|
| THE WALTON CONDOMINIUM,<br>Plaintiff,<br><br>- against -<br><br>LANDMARK AMERICAN INSURANCE COMPANY,<br><br>Defendant. | Civil Action No: 25-cv-9454-JPO<br><br>**LANDMARK AMERICAN INSURANCE COMPANY'S ANSWER** |

---------------------------------------------------------------------x

Defendant, Landmark American Insurance Company ("Landmark"), by and through its attorneys, as and for its Answer and Affirmative Defenses to Plaintiff's September 18, 2025 Complaint, as modified by the Court's June 30, 2026 Order (ECF Doc. 32) sets forth as follows:

## THE PARTIES

1. Landmark denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and as such denies same.

2. Landmark denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and as such denies same.

3. Landmark admits that its principal place of business is 945 East Paces Ferry Road NE, Suite 1800, Atlanta, GA 30326 but denies that it is incorporated under the laws of Georgia.

4. Landmark denies the allegations set forth in Paragraph 4 except to aver that it is an insurance company licensed to underwrite insurance policies including liability, casualty, and property policies.

5. The allegations set forth in Paragraph 5 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegations set forth in Paragraph 5.

6. The allegations set forth in Paragraph 6 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark avers that the allegations regarding state court jurisdiction were rendered moot once this action was removed to this Court.

## RELEVANT FACTS[1]

7. Landmark denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and as such denies same.

8. Landmark denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and as such denies same.

9. Landmark denies the allegations set forth in Paragraph 9, except to aver that it issued an insurance policy bearing policy number LHD926985 (the "Policy") to The Walton Condominium ("Walton"), the terms and conditions of which speak for themselves.

10. Landmark denies the allegations set forth in Paragraph 10, except to aver that its authorized representatives signed the Policy and that the terms and conditions of the Policy speak for themselves.

---

[1] Landmark incorporates the headings used in Plaintiff's Complaint for ease of reference. In so doing, Landmark does not intend to admit and expressly denies any factual allegations or characterizations.

11. Landmark denies the allegations set forth in Paragraph 11 except to aver that the terms and conditions of the Policy speak for themselves.

12. Landmark denies the allegations set forth in Paragraph 12

13. The allegations set forth in Paragraph 13 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the factual allegations except to aver that Walton submitted a claim under the Policy for a loss on or about September 26, 2023.

14. Landmark denies the allegations of Paragraph 14.

15. The allegations set forth in Paragraph 15 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the factual allegations and refers to the terms and conditions of the Policy which speak for themselves.

16. Landmark denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16. To the extent a response is required, Landmark denies the allegations of Paragraph 16.

17. The allegations set forth in Paragraph 17 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the factual allegations set forth in Paragraph 17 except to aver that the terms and conditions of the Policy speak for themselves.

18. The allegations set forth in Paragraph 18 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the factual allegations.

19. Landmark denies each and every allegation set forth in Paragraph 19 except to aver that Landmark issued a position letter the contents of which speak for themselves.

20. The allegations set forth in Paragraph 20 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegations.

21. Landmark denies the allegations set forth in Paragraph 21.

22. Landmark denies the allegations set forth in Paragraph 22.

23. Landmark denies the allegations set forth in Paragraph 23.

24. Landmark denies the allegations set forth in Paragraph 24.

25. Landmark denies the allegations set forth in Paragraph 25 except to aver that the terms and conditions of the Policy speak for themselves.

26. The allegations set forth in Paragraph 26 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegations set forth in Paragraph 26.

27. The allegations set forth in Paragraph 27 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegations set forth in Paragraph 27 except to aver that it subject to regulation by the Superintendent of Insurance for the State of New York.

28. The allegations set forth in Paragraph 28 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegations set forth in Paragraph 28.

**AND AS FOR A FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

29. Landmark repeats, reiterates, and realleges the preceding paragraphs as if set fully forth herein.

30. The allegations set forth in Paragraph 30 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegations set forth in Paragraph 30 except to aver that the terms and conditions of the Policy speak for themselves.

31. The allegations set forth in Paragraph 31 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegation set forth in Paragraph 31.

32. The allegations set forth in Paragraph 32 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegations set forth in Paragraph 32.

33. The allegations set forth in Paragraph 33 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegations set forth in Paragraph 33.

34. The allegations set forth in Paragraph 34 call for a legal conclusion to which no response is required. To the extent a response is required, Landmark denies the allegations set forth in Paragraph 34.

**AND AS FOR A SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT**

35. Landmark repeats, reiterates, and realleges each and every answer to the allegations of the preceding paragraphs as if set forth fully herein.

36. Landmark avers that no response is required as the Court dismissed the Second Cause of Action of the Complaint on June 30, 2026.

37. Landmark avers that no response is required as the Court dismissed the Second Cause of Action of the Complaint on June 30, 2026. To the extent that a response is required, Landmark denies the allegations set forth in Paragraph 37 except to aver that the terms and conditions of the Policy speak for themselves and that it issued a position letter the contents of which speak for itself.

38. Landmark avers that no response is required as the Court dismissed the Second Cause of Action of the Complaint on June 30, 2026. To the extent that a response is required, Landmark admits that it denied Plaintiff's claim.

39. Landmark avers that no response is required as the Court dismissed the Second Cause of Action of the Complaint on June 30, 2026. To the extent that a response is required, Landmark denies the allegations set forth in Paragraph 39 and its respective subparagraphs.

40. Landmark avers that no response is required as the Court dismissed the Second Cause of Action of the Complaint on June 30, 2026. To the extent that a response is required, Landmark denies the allegations of Paragraph 40.

## AFFIRMATIVE DEFENSES

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claim is not covered, in whole or in part, by the terms and conditions of the Policy.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is not entitled to recover costs, expenses, legal and/or attorneys' fees pursuant to this Court's Order on June 30, 2026.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

4. The action is barred, in whole or in part, because Plaintiff's failed to comply with conditions precedent and/or subsequent necessary for the coverage sought under the Policy at issue herein.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

5. This action is barred, in whole or in part, because the claim is subject to the various terms, conditions, deductibles and/or limits of liability in the Policy.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claim for breach of contract against Landmark is barred, because Plaintiff cannot satisfy its burden of proving Landmark wrongfully failed to pay the full amount owed under the Policy.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' claims are barred, in whole or in part, by the following exclusions in the Policy:

***B. Exclusions***

***

***2.*** *We will not pay for loss or damage caused by or resulting from any of the following:*

***

***d.(1)*** *Wear and tear;*

***

***(4)*** *Settling, cracking, shrinking or expansion;*

***

*But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.*

***

***g.*** *Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment (except fire protective systems) caused by or resulting from freezing, unless:*

***(1)*** *You do your best to maintain heat in the building or structure; or*
***(2)*** *You drain the equipment and shut off the supply if the heat is not maintained.*

***

***3.*** *We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.*

***

***b.*** *Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.*

***c.*** *Faulty, inadequate or defective:*
***(1)*** *Planning, zoning, development, surveying, siting;*
***(2)*** *Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
***(3)*** *Materials used in repair, construction, renovation or remodeling; or*
***(4)*** *Maintenance; of part or all of any property on or off the described premises.*

**AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred, in whole or in part, by the following Warranty Endorsement in the Policy:

***WARRANTY ENDORSEMENT –HEAT MAINTAINED AT 55 DEGREES FAHRENHEIT***

*This endorsement modifies insurance provided under the following:*

***ALL COVERAGE PARTS***

***A. WARRANTY***
*As a condition of this insurance, it is agreed that the inside temperature of any covered Vacant/Unoccupied buildings or units will be maintained at 55 degrees Fahrenheit or above.*

***B.*** *WATER DAMAGE coverage is VOID as respects any covered Vacant/Unoccupied buildings or units that do not maintain the inside temperature at 55 degrees Fahrenheit or above.*

*All other terms, conditions, and warranties remain unchanged.*

**AS AND FOR THE NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claim is barred, in whole or in part, because Plaintiff failed to comply with various Policy terms and conditions including, but not limited to, the following clause:

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

* * *

3. **Duties In The Event Of Loss Or Damage.**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

***

(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or

damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

***

(8) Cooperate with us in the investigation or settlement of the claim.

**AS AND FOR THE TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claim is barred, in whole or in part, because Plaintiff failed to comply with various Policy terms and conditions including, but not limited to, the following clause:

***D. LEGAL ACTION AGAINST US***
*No one may bring a legal action against us under this Coverage Part, unless:*

*1. There has been full compliance with all of the terms of this Coverage Part; and*
*2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.*

**AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE**

11. To the extent Plaintiff's loss, damage, or expenses, if any, has been or will be replaced or indemnified in whole or in part from any collateral source, Plaintiff's recovery, if any, must be reduced by that amount.

**AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claim is barred in whole or in part to the extent that they failed to mitigate, minimize, or otherwise avoid any loss or damages, if any.

**AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff is not entitled to coverage under the Policy, compensatory damages, consequential damages, interest, nor the costs of suit.

**AS AND FOR THE FOURTEENTH AFFIRMATIVE DEFENSE**

14. Any paragraph or allegations set forth in the Complaint not expressly admitted by Landmark, and for which no other response is set forth herein, is expressly denied.

**AS AND FOR THE FIFTEENTH AFFIRMATIVE DEFENSE**

15. The Policy contains limits and sublimits of liability. There is no coverage for Plaintiff to the extent that Plaintiff's claimed losses exceed the applicable limit(s) of liability of the Policy.

**AS AND FOR THE SIXTEENTH AFFIRMATIVE DEFENSE**

16. Landmark fully complied with its duties and obligations under the Policy and applicable law. Landmark has at all times acted reasonably in handling all claims for benefits under the Policy. As a result, Plaintiff's claims are without merit.

**AS AND FOR THE SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff failed to submit proper and necessary documentation in support of their claimed damages, as reasonably requested by Landmark.

**AS AND FOR THE EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claim is barred, in whole or in part, by equitable doctrines of unclean hands, waiver, estoppel, and/or laches.

**AS AND FOR THE NINETEETH AFFIRMATIVE DEFENSE**

19. Plaintiff's consequential damages claim is barred, in whole or in part, because a bona fide dispute concerning the amount of coverage available under the Policy exists between the parties and, therefore Landmark had a reasonable basis to deny payment.

**AS AND FOR THE TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's claim for consequential damages is barred, in whole or in part, because Landmark was reasonable during the investigation, and the Plaintiff cannot prove Landmark's actions or inactions were the foreseeable cause of Plaintiff's alleged enhanced damages.

**AS AND FOR THE TWENTY FIRST AFFIRMATIVE DEFENSE**

21. Landmark reserves the right to assert any and all additional affirmative defenses as may be revealed by further discovery and/or investigation.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 14, 2026

By: ______________________________

Matthew L. Gonzalez, Esq.
Alexander W. Cogbill, Esq.
Zelle LLP
45 Broadway, Suite 920
New York, New York 10006
(646) 876-4420

*Attorneys for Defendant Landmark American Insurance Company*